EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ELADIO CARRASQUILLO, acusado y apelante.

Núm. 8838.—*Sometido:* Julio 21, 1941. *Resuelto:* Julio 23, 1941.

*Rafael A. Arroyo Ríos,* abogado del apelante; *Hon. Procurador General Interino Emilio de Aldrey, R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Ante la Corte Municipal de Gurabo se formuló denuncia contra Eladio Carrasquillo por infracción de las secciones 16(1), 34 y 55 de la Ley de Rentas Internas, alegándose lo siguiente:

"Que en 18 de mayo, 4 P. M., de 1938 y en su establecimiento comercial en el Bo. Mamey de Gurabo del Distrito Judicial Municipal de Gurabo, P. R., que forma parte del Distrito Judicial de Humacao, P. R., el referido acusado de una manera ilegal, voluntaria y maliciosamente y con el fin de defraudar al Erario Público de Puerto Rico, allí y entonces tenía en su poder, a su disposición, en su establecimiento comercial, 44 cigarros sin que sobre los mismos se hubieran adherido y cancelado los correspondientes sellos de rentas internas comprobatorio de haber pagado los impuestos."

Fué declarado culpable el acusado tanto en la corte municipal como en grado apelativo por la Corte de Distrito de Humacao y sentenciado a pagar cien dólares de multa o en su defecto a cumplir treinta días de cárcel y las costas, de cuya sentencia apela para ante este tribunal, alegando que la corte inferior cometió error al declararlo culpable tomando como base una denuncia que no aduce hechos constitutivos de delito público y al apreciar la prueba por ser ésta insuficiente para sostener la sentencia.

Habiendo llegado a la conclusión de que el segundo error fué cometido, no consideramos necesario resolver el primero.

El segundo señalamiento se refiere a la apreciación que de la prueba hizo la corte inferior y el fiscal auxiliar de este tribunal, después de analizarla, sostiene que no es suficiente y se allana a la revocación solicitada por el apelante. Hemos leído la exposición del caso en la que se relata lo declarado por los testigos de una y otra parte y estamos conformes en que la síntesis que de ella hace y la conclusión a que llega el fiscal en su alegato son correctas, y las transcribimos a continuación:

"El testigo Manuel Arroyo Martínez (así como el testigo Eloy Colondres, que era acumulativo), declaró en síntesis que en la fecha indicada en la denuncia, en su carácter de Agente de Rentas Internas del Departamento de Hacienda, visitó el establecimiento comercial del acusado Eladio Carrasquillo, traficante con licencia para expender cigarros y cigarrillos, en el trayecto de la carretera de Juncos a Gurabo, en la jurisdicción de Gurabo; que al entrar al establecimiento el testigo en compañía del otro testigo Colondres, este último

se dirigió hacia la izquierda, entrando en una salita anexa a la tienda donde había sobre un medio punto un paquete de cigarros, abierto, en un saquito corriente de papel; que al acercarse a ese sitio, una persona que estaba en esa sala cogió el paquete y salió corriendo lanzándolo en una pieza de caña cercana, dándose a la fuga, habiendo el testigo Colondres seguido a esa persona y ocupado el paquete, pero sin saber quién era el que corría. El testigo no sabe quién habitaba el pequeño apartamiento de vivienda anexo a la tienda del acusado donde estaba el paquete semi abierto de cigarros que luego fué ocupado. El acusado no estaba presente en esos momentos en la tienda llegando más tarde. El paquete de cigarros no tenía cancelados sellos de rentas internas. El testigo declaró que el acusado además de ser comerciante ocupaba el puesto de administrador de una finca del señor Ramón Berríos, de Gurabo. La puerta entre la tienda y la parte de vivienda de la casa estaba abierta en momentos en que visitaron el establecimiento del acusado los Inspectores de Rentas Internas.

"La prueba de defensa consistió de la declaración del propio acusado quien declaró en síntesis que la casa donde está la tienda es de Félix Carrión y el testigo ocupa la tienda, la contra-tienda y un cuarto particular para dormir el dependiente; que además de esto, hay un departamento anexo a la misma tienda que tiene una sala, medio punto, comedor, tres habitaciones y cocina hacia atrás; que esta parte de vivienda la tiene arrendada y la ocupa Julio de León y él tiene arrendada la parte de la tienda. Declaró que los cigarros sometidos en evidencia nunca estuvieron en su establecimiento y nada tuvo que ver con ellos.

"El testigo Rafael Arroyo Ríos declaró que sabe que el acusado vive en una casa vivienda que queda como a doscientos o trescientos metros separada de la tienda y sabe que el apartamiento de vivienda anexo a la tienda no lo ocupa el acusado y que éste nunca ha vivido allí ni ningún familiar de él.

"Esta es, en síntesis, la prueba del caso.

"No creemos que se haya demostrado, fuera de toda duda razonable, que los cigarros pertenecían al acusado, ya que de la propia prueba de cargo aparece que no se ocuparon en el establecimiento en sí, donde tenía sus provisiones, incluyendo cigarros y cigarrillos para la venta. No hay afirmación alguna entre los testigos del Pueblo que diga que el acusado vivía también y ocupaba en algún concepto el apartamiento de vivienda anexo a la tienda, siendo la única circunstancia ante nosotros la de que la puerta entre la tienda y ese apartamiento estaba abierta. Sin embargo, nos parece que esta circuns-

tancia no es suficiente para hacer al acusado responsable de unos cigarros que estaban en esa sala, *sobre la cual no se demostró que* tuviera control el acusado. Hubo una tercera persona, la que quiso hacer desaparecer los cigarros, que no era el acusado y que nadie supo nunca quién era. Esa persona no estaba en la tienda del acusado y sí en la vivienda anexa a la misma."

Habiéndose cometido el segundo error *procede la revocación de la sentencia apelada y la absolución del acusado.*